**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Patricia Campbell HEARST, Defendant-Appellant.**

**Nos. 76–3162 and 77–1759.**

United States Court of Appeals, Ninth Circuit.

Jan. 4, 1978.

Certiorari Denied April 24, 1978. See 98 S.Ct. 1656.

---

580

could not have avoided introduction of the evidence of the Los Angeles events simply by refraining from testifying, but only by abandoning her sole defense. She took the stand to support her defense, not to respond to a premature attack upon her credibility. *See United States v. Rosse*, 418 F.2d 38, 42 (2d Cir. 1969).

The full court has been advised of the suggestion for in banc rehearing, and no judge of the court has requested a vote on the suggestion for rehearing in banc. Fed. R.App.P. 35(b).

The petition for rehearing in banc is rejected.

Before BROWNING, TRASK and WALLACE, Circuit Judges.

## ORDER

The panel as constituted in the above case has voted to reject the suggestion for a rehearing in banc with the following comment. Relying on *United States v. Modern Reed & Rattan Co.*, 159 F.2d 656, 658 (2d Cir. 1947), appellant argues she was prejudiced by the admission in the government's case-in-chief of the evidence of criminal acts in Los Angeles because the premature introduction of this evidence forced her to take the stand and thus deprived her of freedom of choice in framing her defense. In *Modern Reed & Rattan Co.*, the government introduced evidence of prior convictions in its case-in-chief and argued the error was cured because the defendant later took the stand and the evidence became relevant for impeachment. The court rejected the argument, pointing out that but for the error the defendant might not have taken the stand and put his character in issue. In the present case, however, appellant was not prejudiced by the order of proof. The evidence of the Los Angeles events went not to impeachment but to the issue of duress, a defense appellant had announced her intention to offer. She